UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>     v.<br><br>THOMAS KIM HOLZMANN,<br><br>            Defendant. | No.  2:11-cr-00454-JAM<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE** |

   Thomas Kim Holzmann ("Defendant") has filed a motion for early termination of supervised release pursuant to 18 U.S.C. § 3583(e)(1).  Mot., ECF No. 152.  The Government filed an opposition, ECF No. 156, to which Defendant replied, ECF No. 157. After consideration of the parties' briefing on the motion and relevant legal authority, the Court GRANTS Defendant's Motion to Terminate Supervised Release.

///

///

///

1

I.   BACKGROUND

On June 15, 2012, Defendant pled guilty to conspiracy to manufacture, distribute, and possess with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1). See Change of Plea, ECF No. 44. On March 22, 2013, Defendant was sentenced to ninety-eight (98) months of imprisonment and sixty (60) months of supervised release. See Judgment, ECF No. 100. On February 23, 2015, Defendant's sentence was reduced to seventy-nine (79) months of imprisonment. See Order Reducing Sentence, ECF No. 141. The term of supervised release remained the same. Id. On July 7, 2016, Defendant was released from Bureau of Prisons ("BOP") custody and began serving his term of supervised release. Mot. at 1. To date, Defendant has completed nearly four years of his five-year term of supervised release. Reply at 1.

Defendant now requests this Court terminate the remainder of his term of supervised release. Mot. at 2. Defendant argues his post-incarceration conduct and full compliance with the terms of his supervised release warrant its early termination. Id.

II.   OPINION

A.   Legal Standard

Upon consideration of several of the 18 U.S.C. § 3553(a) sentencing factors, a court may terminate a term of supervised release "after the expiration of one year of supervised release . . . ." 18 U.S.C. § 3583(e)(1); United States v. Emmett, 749 F.3d 817, 819 (9th Cir. 2014). The factors to be considered are: (1) the nature and circumstances of the offense

and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment; (5) the sentence and sentencing range established for the category of the defendant; (6) any pertinent policy statement by the Sentencing Commission; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. See 18 U.S.C. § 3553(a)(1)-(7).

So long as the factors set out in § 3553(a) have been considered, a court may terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." Emmett, 749 F.3d at 819. "The expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id.

B.  Analysis

Defendant seeks early termination of supervised release because, over the past four years, he has "successfully reintegrated into society." Mot. at 2. Defendant is employed as an office manager at an independent car dealership and has restored his relationships with his family and his church. Id. Moreover, Defendant's United States Probation Officer reports that he has complied with all conditions and special conditions

of his supervised release and supports early termination.  Id. The Government opposes early termination of supervised release, arguing there are no new or unforeseen circumstances that would warrant such relief and no showing that the term of supervised release was either too harsh or inappropriately tailored.  Opp'n at 3.

          1.   Pertinent § 3553(a) Factors

The Court does not find that any of the relevant § 3553(a) factors would be undermined by early termination of Defendant's term of supervised release.  Defendant completed a significant seventy-nine-month period of incarceration.  Since his release, Defendant has completed approximately four years of a five-year term of supervised release.  During that time, Defendant has secured stable employment and has complied with all the terms and conditions of his supervised release.  The Court finds Defendant's ability to spend nearly four years on supervised release without issue to be particularly persuasive.  See United States v. Harris, 258 F.Supp.3d 137, 147 (D.D.C. 2017) ("The defendant's maintenance of an unblemished record of compliance with his conditions of release for over four years is, perhaps, the best indicator of his ability to continue as a law-abiding member of his community.").  So too does his Probation Officer. That she supports Defendant's request for early termination is a testament to his efforts and good conduct over the last four years.

The length of time that Defendant has been able to maintain full compliance with his conditions of release, together with his current lifestyle choices, are positive and significant

4

signs that his risk of recidivism is low.  Accordingly, the Court does not find that any of the § 3553(a) factors weigh against early termination of Defendant's supervised release.

          2.   Post-Incarceration Conduct and the Interest of Justice

In addition to consideration of the enumerated factors under § 3553(a), the Court must be "satisfied" that early termination of supervised release "is warranted by the conduct of the defendant released and the interest of justice . . . ." 18 U.S.C. § 3583(e)(1).  The Government contends that the latter factors <u>must</u> involve new or unforeseen circumstances and a showing that his term of supervised release was either too harsh of inappropriately tailored.  <u>See</u> Opp'n at 3.  As Defendant argues in his reply,  the case cited by the Government does not stand for either of those propositions.

In <u>United States v. Miller</u>, 205 F.3d 1098, 1101 (9th Cir. 2000), the Ninth Circuit found that a lower court may modify a portion of a defendant's fine that was made a condition of supervised release.  In doing so, the Ninth Circuit merely quoted a Second Circuit decision noting that changed circumstances, like good behavior or the defendant's inability to pay a fine, may render a condition of supervised release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).  <u>Id.</u>  Thus, the Court is not required to find unforeseen circumstances or determine that Defendant's term of supervised release was too punitive to grant this motion.

Accordingly, for the reasons set forth above, the Court is

fully satisfied that early termination of Defendant's supervised release is warranted by his post-incarceration conduct and the interest of justice.

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Terminate Supervised Release.

IT IS SO ORDERED.

Dated: May 29, 2020

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE